United States District Court
Southern District of Texas
**ENTERED**
January 17, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOHAMMAD ZEESHAN KHAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-1671 |
| | § | |
| A/G 727, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiff's Motion for Default Judgment (Doc. No. 18), filed by Plaintiff Mohammad Zeeshan Khan. Upon consideration of the Motion and accompanying evidence, the pleadings on file, and the relevant authorities, the Court concludes that Plaintiff has established that Defendants A/G 727, Inc. and Nizar Ali ("Defendants") are liable to Plaintiff for violating the Fair Labor Standards Act (FLSA). The Court also concludes that it has jurisdiction over the subject matter and parties to this action; that Defendants failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service; and that the allegations in Plaintiff's Complaint (Doc. No. 1) are deemed admitted against Defendants.

Plaintiff alleges that Defendants failed to pay him overtime wages for 278.5 overtime hours worked. Thus, Defendants owe Plaintiff $1,671.00 in unpaid overtime wages. Under the FLSA, a plaintiff may recover additional liquidated damages if his or her employer fails to demonstrate good faith and reasonable grounds for not paying overtime wages. *See LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1263 (5th Cir. 1986). The Court awards double the damages award as liquidated damages. Thus, Plaintiff is awarded $3,342.00 in total damages.

Finally, Plaintiff seeks reasonable attorney's fees and costs. The Court awards $18,600.00 in attorney's fees as requested in Plaintiff's Second Supplemental Brief in Support of Motion for Default Judgment. (Doc. No. 24). With regards to costs, Plaintiff requests $400.00 in filing fees and $325.00 in service costs. The Fifth Circuit generally limits costs to those that fit within one of the categories listed in 28 U.S.C. § 1920. *See Gaddis v. United States*, 381 F.3d 444, 475–76 (5th Cir. 2004). While these categories include dockets fees, they do not cover private process server fees. *See Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010) (citing *Cypress-Fairbanks Indep. Sch. Dist. v. Michael*, 118 F.3d 245, 257 (5th Cir. 1997)). Therefore, Plaintiff is entitled to recover $400.00 in filing fee costs.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

1.  That Judgment by default be entered in favor of Plaintiff and against Defendant;

2.  That Plaintiff recover $1,671.00 in unpaid overtime wages and $1,671.00 in liquidated damages, for a total of $3,342.00, pursuant to the FLSA;

3.  That Plaintiff recovers court costs of $400.00;

4.  That the Judgment shall bear post-judgment interest at an annual rate of 1.54% from the date of this Judgment until paid;

5.  That all writs and process for the enforcement and collection of this judgment may issue as necessary.  In connection with any Writ of Execution in this case, the Court directs the United States Marshals Service to use any means or force reasonably necessary to satisfy this Judgment; and,

6.  That through this Order, the Court intends to render a final judgment in this cause. Therefore, this judgment is now a final, appealable judgment.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on the 16th day of January, 2020.


_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE